UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NATIONAL CITY BANK,

    Plaintiff,

v.                                 Case No: 2:16-cv-555-FtM-99MRM

OWEN BEDASEE, SANDIE BEDASEE, FIRST FRANKLIN FINANCIAL CORPORATION, JOHN DOE, and JANE DOE,

    Defendants.

_____

**<u>OPINION AND ORDER</u>**

This matter comes before the Court on plaintiff's Motion for Remand of Action to the State Circuit Court (Doc. #12) filed on July 27, 2016, to which defendant Owen Bedasee filed a Response (Doc. #17) on August 11, 2016. Also before the Court are defendants Owen Bedasee and Sandie Bedasee's[1] Injunction to Set Aside Foreclosure and Deed (Doc. #3) filed on July 14, 2016, defendant Owen Bedasee's Application for Temporary Restraining Order, Preliminary Injunction, and Declaratory Relief (Doc. #20) filed on August 22, 2016, and defendant Owen Bedasee's Motion to Consolidate (Doc. #19) filed on August 22, 2016. Plaintiff filed

---

[1] The Court notes that the Injunction to Set Aside Foreclosure and Deed was filed by both Owen Bedasee and Sandie Bedasee, but the case was removed solely by Owen Bedasee.

a Response to the Injunction to Set Aside Foreclosure (Doc. #13) on July 27, 2016.

## I.

The Complaint was originally filed in Collier County Circuit Court on March 24, 2008, seeking to recover on a $320,000 promissory note secured by a mortgage on real property located in Naples, Florida.  (Doc. #2.)  Defendants defaulted on or about September 1, 2007, with a remaining balance of $311,421.16, plus interest, late charges, and expenses.  (Id. at 1.)  On November 12, 2008, the magistrate judge granted summary judgment in the amount of $352,618.12, plus attorney's fees.  (Doc. #1-1, p. 2.)  On November 17, 2008, defendant Sandie Bedasee filed a Suggestion of Bankruptcy.  (Id.)  On December 15, 2008, an Order was entered denying the Recommended Order Granting Final Summary Judgment due to the Suggestion of Bankruptcy.  (Id.)  Throughout the course of the Collier County case, numerous appeals were made to the Second District Court of Appeals and writs of mandamus to the Florida Supreme Court.  (Id. at 1-12.)  All of which were either dismissed, or an order was issued affirming the lower court.

In November of 2013, Summary Judgment was entered in favor of National City Bank, and on August 12, 2014, a Final Judgment of Foreclosure was entered on the docket and the foreclosure was scheduled.  (Id. at 9; Doc. #12-2.)  The sale was cancelled and rescheduled numerous times upon motion, and on September 9, 2014,

defendant Owen Bedasee filed a Suggestion of Bankruptcy, and on July 28, 2015 Owen Bedasee and Sandie Bedasee filed Suggestions of Bankruptcy, prompting further cancellation.[2] (Doc. #1-1, pp. 10-12.) Owen Bedasee and Sandie Bedasee filed a motion for rehearing/reconsideration of the grant of summary judgment, which was denied by the circuit court. (Id. at 9.) Owen Bedasee and Sandie Bedasee then appealed the entry of final summary judgment and the Second DCA denied the Bedasee's Motion to Vacate/Void, upholding the circuit court's ruling. (Id. at 12; Doc. #12-4.)

Following the Second DCA's decision, Owen Bedasee removed the case to the United States District Court for the Middle District of Florida, Fort Myers Division. (Doc. #1.) The Notice of Removal, filed by Owen Bedasee only, asserts removal on the basis of diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331. (Id.) The Notice of Removal also references a "Related Civil Case to be filed imminently which seeks to test the Constitutionality of the current Florida statutory scheme governing foreclosure proceedings" that Mr. Bedasee seeks to have consolidated with this case. (Id. at 2; Doc. #19.) It appears that the related case Mr. Bedasee refers

---

[2] Bankruptcy Orders Granting Relief/Dismissing Bankruptcy Cases were docketed in the Collier County Circuit Court case on April 23, 2015 and September 9, 2015. (Doc. #1-1, pp. 10-11.)

to was filed on July 25, 2016, Case No. 2:16-cv-00576-UA-MRM. (Doc. #19.)

Plaintiff moves to remand the action to state court on the following bases: (1) defendant's removal is untimely, (2) Mr. Bedasee's intention to file a new federal action does not cure the untimeliness, (3) the Rooker-Feldman doctrine precludes lower federal courts from engaging in appellate review of state court orders, (4) Mr. Bedasee has failed to establish complete diversity of citizenship, and (5) Mr. Bedasee has failed to establish federal question jurisdiction. (Doc. #12.)

Defendant responds to plaintiff's Motion to Remand by relying on his separate federal lawsuit, arguing the state court did not have jurisdiction over the foreclosure case, and that he has alleged federal question jurisdiction in his notice of removal. (Doc. #17.)

## II.

On a motion to remand, defendant bears the burden of establishing proper subject-matter jurisdiction, Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996) (citing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356 (11th Cir. 1996)), and as defendant is *pro se*, his pleadings will be liberally construed, Hope v. Bureau of Prisons, 476 F. App'x 702, 704-05 (11th Cir. 2012) (citation omitted).

Generally, any civil action brought in a state court of which the federal district court has "original jurisdiction" may be removed by defendants to federal court.  28 U.S.C. § 1441(a).

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).  If the case is not removable based on the initial pleading, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  Id. at § 1446(b)(3).  For cases removed on the basis of diversity of citizenship, the case may not be removed "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  Id. § 1446(c).

The Collier County action was filed on March 24, 2008.  (Doc. #2.)  Defendant First Franklin Financial Corporation was served in April 1, 2008 and defendants Owen Bedasee and Sandie Bedasee were served on April 22, 2008.  (Doc. #1-1, p. 1.)  The Final Judgment of Foreclosure was entered on August 12, 2014, and

following the Second DCA's affirmance of the Final Judgment, Owen Bedasee removed the case to federal court.  Upon information and belief, the foreclosure sale has not yet occurred.  On July 14, 2016, more than eight years after the action was filed and defendants were served, and almost two years after Final Judgment was entered, defendant Owen Bedasee removed this action.

Defendant has failed to set forth any allegations as to when he became aware that this action was removable, since it does not appear that said basis is apparent from the face of the complaint, nor allegations of bad faith on behalf of the plaintiff in order to prevent defendant's removal of the action.  Further, removal *after* the entry of the final judgment of foreclosure is clearly untimely.  In any event, defendant did not obtain the consent of all defendants for the removal.  See 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.").  Further, even if removal had been timely and consent had been obtained from all defendants, Owen Bedasee has failed to establish diversity or federal question jurisdiction.[3]  Accordingly, the Court finds that defendant's removal untimely.

---

[3] Owen Bedasee only alleged his citizenship and not the citizenship of the other defendants.  (See Doc. #1, p. 3) ("Plaintiff is not, and was never a citizen/resident of the State of Florida, while defendant is clearly a citizen and resident of

In objecting to the motion to remand, Mr. Bedasee argues that (1) he has filed a separate federal lawsuit on July 28, 2016, with which the underlying case should be consolidated, (2) that the state court lacked subject matter jurisdiction because National City Bank is not the owner and holder of the note and therefore did not have standing in the state court action, therefore, the judgment entered by the state court is therefore void, and (3) defendant alleged federal question jurisdiction pursuant to section 1331 in his notice of removal. (Doc. #17.)

These arguments are rejected. First of all, the fact that defendant has filed a separate case currently pending in federal

---

the State of Florida, which constitute diversity of citizenship."). Without these allegations, Owen Bedasee has not met his burden of establishing federal jurisdiction as the Court cannot ascertain if there is complete diversity of citizenship among the parties. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).

Additionally, "federal jurisdiction generally exists only when a federal question is presented on the face of the *plaintiff's* properly pleaded complaint." Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002) (emphasis in original) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). The Complaint presents no federal question, and no amended pleading was filed presenting a federal question. Therefore, there was no basis of removal based on any pleading or other paper. See Great N. Ry. Co. v. Alexander, 246 U.S. 276, 281 (1918) ("It is also settled that a case, arising under the laws of the United States, nonremovable on the complaint, when commenced, cannot be converted into a removable one by evidence of the defendant . . . ."); Holmes Grp., 535 U.S. at 831 ("It follows that a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for "arising under" jurisdiction." (citations omitted)).

court is not justification to remove a state court action in which a final judgment has been entered. Second, there is no indication that a federal claim was presented in the Complaint, and no indication why Mr. Bedasee could not raise any constitutional arguments as a counterclaim or by motion in the state court proceeding. Third, contrary to Mr. Bedasee's objection, state courts have concurrent jurisdiction to hear federal claims, unless Congress provides otherwise. Gulf Offshore Co. v. Mobil Oil Corp., 453 U.S. 473, 478 (1981).

The Rooker-Feldman[1] doctrine "places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001). Under the Rooker–Feldman doctrine, "federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009) (citation omitted). Accordingly, a federal district court lacks jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced

---

[1] See Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

> The doctrine applies both to federal claims raised in the state court and to those inextricably intertwined with the state court's judgment, meaning that the district court may not entertain claims that would effectively nullify the state court judgment or . . . succeed[] only to the extent that the state court wrongly decided the issues.

Nivia v. Nation Star Mortg., LLC, 620 F. App'x 822, 824 (11th Cir. 2015) (alterations in original) (quoting Casale, 558 F.3d at 1260).

The sole relief sought in the Complaint, and by defendant in the Notice of Removal, has been granted, rejected, or otherwise concluded in the state court, and cannot now be re-litigated or revisited in federal court.  Finding no federal jurisdiction, the case will be remanded.

Accordingly, it is hereby

**ORDERED:**

1.   Plaintiff's Motion for Remand of Action to the State Circuit Court (Doc. #12) is **GRANTED.**

2.   Sandie and Owen Bedasee's Injunction to Set Aside Foreclosure and Deed (Doc. #3), Owen Bedasee's Motion to Consolidate (Doc. #19), Owen Bedasee's Application for Temporary Restraining Order, Preliminary Injunction, and Declaratory Relief (Doc. #20), and National City Bank's Motion for an Order of Relief from the Related Case Order Entered on July 26, 2016 and Staying

the Action Until the Court Rules on the Plaintiff's Motion for Remand (Doc. #21) are **denied as moot.**

3.   The Clerk is directed to remand the case to the Circuit Court of the Twentieth Judicial Circuit, in and for Collier County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court.

4.   The Clerk is further directed to terminate all pending motions and deadlines and close this case.

**DONE and ORDERED** at Fort Myers, Florida, this __26th__ day of August, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Parties of Record